431 A.2d 277

In re Petition of DAILY ITEM PUBLISHING CO., a Division of Ottaway Newspapers, Inc.

No. 29 E.D. Misc. Docket 1981.

Supreme Court of Pennsylvania.

Argued April 28, 1981.

Decided July 8, 1981.

## OPINION

PER CURIAM:

Petition dismissed.

O'BRIEN, C. J., did not participate in the consideration or decision of this case.

LARSEN and KAUFFMAN, JJ., filed a joint dissenting opinion.

LARSEN and KAUFFMAN, Justices, dissenting.

We dissent. Anthony Edward Brady, a juvenile, was charged with criminal homicide. Pursuant to the Act of July 9, 1976, P.L. 586, No. 142, § 2, *as amended*, 42 Pa.C.S.A. §§ 6355(e) and 6322(a), he was to be tried as an adult by the Criminal Division of the Court of Common Pleas, unless that Court transferred the case to a judge assigned to conduct

juvenile hearings. Defendant Brady petitioned the court for such a transfer, and asked that the public and the press be excluded from the hearing on the petition. The court granted defendant Brady's request, stating that the proceedings would be closed because they were juvenile, not adult, proceedings. *See, Id.,* 42 Pa.C.S.A. § 6336.

This ruling by the court was patently incorrect, for as the foregoing statutes demonstrate, the matter does not become a juvenile matter and the proceedings are not juvenile proceedings *until after the transfer has been ordered.* Defendant Brady himself recognized this, and even averred it in paragraph 4 of his Petition for Transfer wherein he states:

> That by virtue of the Petitioner being charged with criminal homicide, the provisions set forth in the Juvenile Act are not applicable to the instant case unless the case is transferred to the juvenile system.

Accordingly, the court below erred in excluding the press and the public from the hearing on the Petition for Transfer, and thereby violated this Court's holding in *Commonwealth v. Hayes,* 489 Pa. 419, 414 A.2d 318 (1980), and deprived the press and the public of the constitutional rights guaranteed them by Article I, Section 11 of the Pennsylvania Constitution.

FLAHERTY, J., joins in this Dissenting Opinion.